**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN DOE subscriber assigned IP address 173.75.253.181,<br><br>    Defendant. | Civil Case No. 2:19-cv-02477-JHS |

**DECLARATION OF TOBIAS FIESER**
**IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO SERVE A**
**THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**

[Remainder of page intentionally left blank]

i
**EXHIBIT B**

## DECLARATION OF TOBIAS FIESER IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO TAKE DISCOVERY PRIOR TO A RULE 26(f) CONFERENCE

I, Tobias Fieser, do hereby state and declare as follows:

1. My name is Tobias Fieser. I am over the age of 18 and am otherwise competent to make this declaration.

2. This declaration is based on my personal knowledge and, if called upon to do so, I will testify that the facts stated herein are true and accurate.

3. I am employed by IPP International UG ("IPP"), a German company, in its litigation support department.

4. IPP provides forensic investigation services to copyright owners including an ability to track, monitor, and detect copyright infringement in an online environment. Strike 3 Holdings, LLC ("Strike 3") hired IPP to monitor and record online infringement of its movies.

5. One of the services that IPP provides is that its system monitors the BitTorrent file distribution network for the presence of copyrighted works. IPP's forensic software identifies Internet Protocol ("IP") addresses that are being used by infringers to distribute copyrighted works within the BitTorrent File Distribution Network.

6. As part of my employment with IPP, I was assigned the task of overseeing, analyzing, and reviewing the results of this investigation. I have previously provided the same support for thousands of copyright infringement lawsuits across the United States, and I gave full and complete testimony about the forensic scanning process during the "BitTorrent Bellwether Trial" (*Malibu Media v. John Does*, 12-cv-2078, (E.D. Pa. Jan. 3, 2013)).

7. After reviewing IPP's forensic activity records, I determined that IPP's forensic servers connected to an electronic device using IP Address 173.75.253.181. After this connection, Defendant's IP Address of 173.75.253.181 was documented distributing to IPP's

1

PAED-1185-PHIL               **EXHIBIT B**

servers multiple pieces of Strike 3's copyrighted movies listed on Exhibit A to Strike 3's Complaint.

8. Each piece was recorded in a PCAP, which stands for "packet capture" and is a forensically sound interface for recording network traffic. The time recorded is quoted in Universal Time which correlates to the assignment logs kept by United States Internet Service Providers (ISPs) tracking which IP Address is assigned to which customer at a given point in time. The infringement appears consistent and on-going.

9. IPP's software additionally analyzed each BitTorrent "piece" distributed by Defendant's IP Address. It verified that reassembling the pieces using a specialized BitTorrent client results in a fully playable digital movie.

10. A digital file can be identified by what is called a "Cryptographic Hash Value." This concept was developed by the United States National Security Agency. IPP's software determined that the files being distributed by Defendant's IP Address have a unique identifier of the Cryptographic Hash outlined on Exhibit A.

11. IPP's software is programmed to only allow it to download files from the BitTorrent Network. It is unable to distribute content. At no point did IPP distribute any part of Strike 3's copyrighted movies at any time.

12. IPP additionally confirmed through its ancillary worldwide BitTorrent surveillance program that IP address 173.75.253.181 is associated with significant long term BitTorrent use.

## DECLARATION

**PURSUANT TO 28 U.S.C. § 1746**, I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 20£⁷ day of May, 201S.

**TOBIAS FIESER**

By: _____